# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD E. WILSON, <br><br> Plaintiff, <br><br> v. <br><br> BARACK H. OBAMA, *et al.*, <br><br> Defendants. | Civil Action No. 10-1290 (BAH) |

## **MEMORANDUM OPINION**

Plaintiff Donald E. Wilson, who is proceeding *pro se*, brought this lawsuit against Barack H. Obama, the President of the United States (the "defendant"), and an individual named Patrick Knepp ("Defendant Knepp"), who has neither appeared nor been served in this action. The plaintiff alleges that "Barack Obama and some of his cohorts" interrogated him on August 15, 2009 regarding "military information concerning [his] past obligation to the submarine fleet." Complaint, Statement of Claim. According to the plaintiff, this interrogation was a "violation of Nation[al] Security" that led the plaintiff's landlord to evict him from his apartment in North Carolina. *Id.* The defendant has moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6). For the reasons explained below, the defendant's motion to dismiss is granted and the Court will also dismiss the complaint against Defendant Knepp.

### I. Factual and Procedural Background

The plaintiff originally filed this suit in the Small Claims Branch of the Superior Court for the District of Columbia to recover $5,000 in hotel expenses resulting from his alleged eviction. ECF No. 1. The defendant removed the case to this Court pursuant to 28 U.S.C. § 1442(a)(1). *Id.*

The plaintiff's complaint, in its "Statement of Claim," alleges as follows:

> On or about 15 Aug. 2009 Barack Obama and some of his cohorts interrogated me about military information concerning my past obligation to the submarine fleet. Prior to this my Landlord and I discussed some topics . . . that he felt a violation of Nation Security which Resulted in my landlord evicting me premateurly against the Fair Housing Act (i.e. 30 day Notice) I'm handicapped disabled veteran who had to spend over $2000 in a hotel after eviction and 3 months in a homeless shelter to save for the apt. Im currently residing. which was National Security Viol. [sic]

*Id.* Elsewhere on the Superior Court Small Claims Branch paperwork, the plaintiff stated his claim as follows: "On about 15 Aug 2009 I was questioned by Barack Obama, [several other people], and ex-military submariner of USS Daniel Boone SSBN Patrick Knepp regarding Info. Violating Nat'l Security causing me eviction." *Id.* On the Superior Court Small Claims Branch Information Sheet, the plaintiff checked the "Negligence" box under "Personal Torts" to indicate the nature of his claim. *Id.* The complaint requested damages in the amount of $5,000. *Id.* The plaintiff also attached various hotel receipts and a letter from a homeless shelter in Raleigh, North Carolina confirming that the plaintiff stayed there for several months in late 2009. *Id.*

On October 4, 2010, the defendant moved to dismiss the complaint pursuant to Rules 12(b)(3) and 12(b)(6).

Patrick Knepp, the other named defendant, has not appeared in this action. The complaint lists Defendant Knepp's address as 1600 Pennsylvania Avenue, N.W., Washington, D.C. – i.e., the address of the White House. The plaintiff has filed a certified mail receipt indicating that the complaint was mailed to Mr. Knepp at that address. Counsel for the President have noted that they do not represent Mr. Knepp in this action and that he neither resides nor works at 1600 Pennsylvania Avenue, N.W., in Washington, D.C. Fed. Def.'s Mem. at 2 n.3. The President's counsel have also explained that a person named Patrick Knepp was once an employee of the Department of the Navy, but ceased to be a federal employee prior to the events alleged in the complaint. *Id.*

On February 7, 2011, the Court entered an Order advising the plaintiff of his obligation to respond to the motion to dismiss. ECF No. 5. Consistent with *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988) and *Neal v. Kelly*¸ 963 F.2d 453, 456 (D.C. Cir. 1992), the Court's order advised the plaintiff of the rules governing the consideration of dispositive motions and warned the plaintiff that his complaint could be dismissed by the Court if he failed to respond. The Court ordered the plaintiff to respond to the motion to dismiss by March 11, 2011. The Court mailed a copy of its Order to the plaintiff's address of record.

The plaintiff has not responded to the motion to dismiss. That motion is now before the Court.

## II. Legal Standards

### A. 12(b)(6) – Failure to State a Claim for Relief

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[ ] [his or her] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 557). Instead, the complaint must plead facts that are more than "merely consistent with" a defendant's liability; "the plaintiff [must plead] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court may dismiss a complaint *sua* sponte under Rule 12(b)(6) "whenever the plaintiff cannot possibly win relief." *Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir. 1994) (internal quotation marks omitted).

### B. 12(b)(3) – Improper Venue

When presented with a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), the Court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor and resolves any factual conflicts in the plaintiff's favor." *James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 11 (D.D.C. 2009). The Court, however, need not accept the plaintiff's legal conclusions as true, and may consider material outside the pleadings, including undisputed facts evidenced in the record, to determine whether it has jurisdiction in the case. *See Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005); *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003); *Herbert v. Nat'l Acad. of Sci.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *Harvey v. Astrue*, 667 F. Supp. 2d 138, 140 (D.D.C. 2009). "To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue." *Khalil v. L-3 Commc'ns Titan Grp.*, 656 F. Supp. 2d 134, 135 (D.D.C. 2009).

### A. 12(b)(1) – Lack of Subject Matter Jurisdiction

Although the defendant has not moved to dismiss for lack of subject matter jurisdiction pursuant Federal Rule of Civil Procedure 12(b)(1), the Court may analyze subject-matter jurisdiction *sua sponte*. *See Phrasavang v. Deutsche Bank*, 656 F. Supp. 2d 196, 199 (D.D.C. 2009). Because "subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, (1982)). It is well established that, in deciding a motion to dismiss for lack of subject matter jurisdiction, a court is not limited to the

allegations set forth in the complaint, "but may also consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case." *Alliance for Democracy v. FEC*, 362 F. Supp. 2d 138, 142 (D.D.C. 2005).

### III. Discussion

In its order dated February 7, 2011, the Court advised the plaintiff of Local Civil Rule 7, which provides that if a memorandum in opposition to a motion to dismiss is "not filed within the prescribed time, the Court may treat the motion as conceded." Local Civil Rule LCvR 7(b). In this case, the defendant's motion to dismiss was filed on October 4, 2010 and served via first class mail on the plaintiff's address. ECF No. 3. Ordinarily, the prescribed time to respond to that motion would have been within 14 days of the date of service. Local Civil Rule LCvR 7(b). In the Court's February 7, 2011 Order, the Court ordered the plaintiff to respond to the defendant's motion by March 11, 2011, but the plaintiff has not done so. Accordingly, the Court will treat the motion to dismiss as conceded and grant judgment for the defendant.

Granting the motion to dismiss is also appropriate on the merits. Although it is not entirely clear what causes of action the plaintiff intended to allege, the Court construes the complaint to allege some combination of the following claims: violation of the Fair Housing Act; tortious interference with a rental contract; and negligence. The Court concludes that the complaint must be dismissed for the following reasons.

First, to the extent the complaint asserts a violation of the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*, any potential violation is alleged against the plaintiff's landlord, who is not a defendant in this action. *See* Compl., Statement of Claim ("[M]y Landlord and I discussed some topics . . . that he felt a violation of Nation Security which Resulted in my landlord evicting me

prmateurly against the Fair Housing Act (i.e., 30 day Notice)." Accordingly, the plaintiff has not stated a claim for relief under the Fair Housing Act against either defendant here.

Second, the doctrine of sovereign immunity precludes the plaintiff's claims against the defendant. Sovereign immunity bars lawsuits for money damages against federal officials in their official capacities absent a specific waiver by the federal government. *Clark v. Library of Congress*, 750 F.2d 89, 102-04 (D.C. Cir. 1984). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, provides a limited waiver of sovereign immunity where a plaintiff seeks monetary damages against a federal defendant for common law torts committed by federal employees. *Roum v. Bush*, 461 F. Supp. 2d 40, 46 (D.D.C. 2006). The plaintiff's claims, however, do not meet the criteria of the FTCA for various reasons. Most significantly, the plaintiff does not allege that he has exhausted administrative remedies, which is a requirement of the FTCA. *See id.*; *see also Epps v. U.S. Atty. Gen.*, 575 F. Supp. 2d 232, 238 (D.D.C. 2008). To the extent the complaint alleges tortious interference with a rental contract, claims for tortious interference with contract are explicitly excluded from the FTCA's waiver of sovereign immunity. 28 U.S.C. 2680(h). Moreover, venue appears improper under the FTCA. Proper venue for an FTCA claim is "the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b); *see also Herbert v. Holder*, No. 10-2090, 2010 WL 5125318 at *1 n.1 (D.D.C. 2010).

Finally, although the defendant does not raise this argument, the plaintiff's claims are also subject to dismissal on the additional ground that they are fundamentally incredible. *See Roum*, 461 F. Supp. 2d at 46-47. "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (internal quotation marks

omitted). Complaints consisting of "fanciful claims," "bizarre conspiracy theories," or allegations of "fantastic government manipulations of [the plaintiff's] will or mind" are generally subject to dismissal on that basis under Rule 12(b)(1). *Best*, 39 F.3d at 330; *see also Roum*, 461 F. Supp. 2d at 46-47. Here, the plaintiff has alleged that "Barack Obama and some of his cohorts" interrogated him on August 15, 2009 regarding "military information concerning [his] past obligation to the submarine fleet." Complaint, Statement of Claim. According to the plaintiff, this interrogation was a "violation of Nation[al] Security" that led the plaintiff's landlord, in an unspecified fashion, to evict him from his apartment in North Carolina and thus precipitated the hotel bills for which the plaintiff now seeks reimbursement. *Id.* Although the Court is mindful that a *pro se* complaint must be held to less stringent standards than those applied to formal pleadings drafted by lawyers, *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), the plaintiff's complaint presents the type of fundamentally unrealistic allegations that must be dismissed for lack of jurisdiction. *See Roum*, 461 F. Supp. 2d 46-47 (dismissing complaint for lack of jurisdiction where plaintiff alleged, *inter alia*, that the FBI began attacking him with lasers and radiation as a result of a dispute between the plaintiff and an insurance company regarding an auto collision); *see also Peters v. Obama*, No. 10-298, 2010 WL 2541066, at *1-2 (D.D.C. Jun. 21, 2010). The Court will therefore dismiss the complaint in its entirety against both defendants.[1]

---

[1] Defendant Knepp does not appear to have been properly served in this action and it is uncertain whether the Court has personal jurisdiction over him. The plaintiff attempted to serve Mr. Knepp, whom he describes as an "ex-military submariner," by mail to 1600 Pennsylvania Avenue, N.W., Washington, D.C. – the address of the White House. The Court ordinarily gives *pro se* plaintiffs great latitude to correct defects in service, *see Moore v. Bush*, 601 F. Supp. 2d 6, 9 n.1 (D.D.C. 2009), but since this action is subject to dismissal for lack of subject-matter jurisdiction, the Court need not decide whether service of process and personal jurisdiction are satisfied for Defendant Knepp.

### IV. Conclusion

For the reasons stated above, the Court concludes that the plaintiff's claims must be dismissed for lack of subject-matter jurisdiction or, in the alternative, for failure to state a claim. Accordingly, the defendant's motion to dismiss is GRANTED and the complaint is dismissed against all defendants.

Date: March 17, 2011

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge